## Acme Cotton Products Co., Inc. v. Michael McDonough, Inc.

*Charles Blasband,* for plaintiff.
*Edward M. Snyder,* for defendant.

STANZIANI, J., November 8, 1972.—This is an appeal from an order dated September 29, 1972, dismissing defendant's motions for new trial and to set aside a directed verdict for plaintiff. Plaintiff filed a complaint in assumpsit on August 24, 1970, against defendant for $2,321 plus interest for goods sold and delivered. On September 14, 1970, defendant filed an answer containing general averments that "the merchandise delivered to the defendant by the plaintiff was not of the proper quality and was in such defective condition as to render it unsaleable." The case was listed for cumpulsory arbitration and on April 5, 1971, the arbitrators found for the plaintiff for the full amount of plaintiff's claim plus interest. Defendant appealed from the findings of the Arbitration Board on April 23, 1971, and on May 16, 1972, a jury was paneled and a trial was conducted. After the opening address of plaintiff's attorney, a side bar conference was conducted at the conclusion of which the court directed the jury to find for plaintiff. On May 19, 1972, defendant filed motions for a new trial and to

set aside the directed verdict for plaintiff. The matter was scheduled to be argued before the court en banc on September 25, 1972, and, after considering the briefs and arguments, the court dismissed the motions by order dated September 29, 1972, from which this appeal was taken.

At the trial on May 16, 1972, during the side bar conference outside the presence of the jury, plaintiff's attorney suggested that the answer was insufficient because it lacked specificity. Mr. Lefkoe, defendant's attorney, freely stated that it was a "badly drafted answer, I must admit." Factually, plaintiff agreed to supply and defendant agreed to purchase 600 dozen Liberty Bell Teeny Kits pursuant to plaintiff's book of original entry, a copy of which is attached to the complaint. Plaintiff delivered the full amount of the ordered merchandise and defendant paid $700 on account. Subsequently, defendant refused to pay the balance of the purchase price and plaintiff brought suit. The naked denials and conclusions that the merchandise was of poor quality contained in the answer are nonresponsive to the allegations of the complaint, and they lack the specificity required by Pennsylvania Rule of CIvil Procedure 1029(a) and (b). Defendant's answer, in failing to state how the merchandise was defective, lacks the specificity which is essential under the Rules of CIvil Procedure:

"Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof, except as provided by subdivision (c) of this rule, shall have the effect of an admission": Pa. R. C. P. 1029(b).

Defendant should specifically aver the manner in which plaintiff breached its contractual obligations: Community Shopping Centers, Inc. v. Barnes Devel-

opment Co., 56 Del. Co. 160 (1968). A party must plead the nature of the defect which constitutes the breach: Sellers v. Sharon Chrysler-Plymouth, Inc., 49 D. & C. 2d 483 (1970).

Defendant, on page 4 of his brief, cites Griffith & Dicola v. W. Michael Connelly, Inc., 14 Chester 140 (1966), for the following proposition:

"In a case similar to the one at bar, it has been held that where, in its Answer to plaintiff's Complaint in Assumpsit, the defendant has alleged that plaintiff's work was improperly done, such allegation raised a substantial issue of fact and the Court therefore overruled the plaintiff's Motion for Judgment on the pleadings."

However, a close reading of that case reveals that it is inapposite to the instant case. The answer in the Griffith case alleged that the "contract was done in an improper manner *in that it was* improperly graded, blacktopping was improperly laid, and the work was not done according to specifications." (Italics supplied.) Nowhere in defendant's answer does he allege that the goods received did not conform to the terms of the agreement. Neither does he even attempt to articulate any specific defect in the goods received; his answer amounts to bald statements that the goods were in a defective condition and unsaleable. As a consequence of this admitted "badly drafted Answer," the allegations in the complaint are deemed admitted. See Pa. R. C. P. 1029(b). Such admissions left no genuine issues of fact for the jury to consider, and on this basis alone a directed verdict was in order.

The Supreme Court of Pennsylvania in Rivoli Theatre Co. v. Allison, 396 Pa. 343 (1959), on page 346, points out that:

"Defendant's basic admissions left no issue for the jury to resolve, and there is no authority known to us

that requires such an admission to run the gantlet in the jury room. It has, rather, the effect of an unintentional but still unconditional surrender."

Defendant also contends that "Where pleadings are ambiguous, or raise issues which require full development, an opportunity should be allowed to cure the defects": Brown v. Shockey, 26 Somerset 240 (1971). Here there is no ambiguity in defendant's answer; its meaning is perfectly clear. It simply lacks specificity, and it is this defect which cannot be cured at trial. In addition, Charles Blasband, attorney for plaintiff, in a sworn affidavit filed September 5, 1972, reveals that "at the discussion counsel for defendant stated that there was no real defense to the quality of the merchandise and it was not defective but that the defendant would try to introduce testimony, although counsel did not know whether it was relevant or not, that the tins of 12 aspirins were to be replaced by a package of two." This final admission, coupled with the admissions in the answer left no doubt in the court's mind that a directed verdict was not only permissible, but it was the duty of the court to direct the jury to find for plaintiff.

In the case of Cokely v. Stipp, 83 Pa. Superior Ct. 184, the facts are strikingly similar to the case at bar. In that case, defendant, in her affidavit of defense, did not deny receipt of the goods but merely asserted that she did not order them. This, the court held, was evasive of, rather than responsive to, the complaint. In the instant case, the statements following the bald denials in defendant's answer are equally evasive and nonresponsive. In the Cokely case, the Pennsylvania Superior Court states, on page 184, that:

"Defendant must furnish something more than her personal conclusion on the subject. The plaintiff's statement traces the goods to her hands by the ordi-

nary process of delivery in course of dealing between a merchant and his customer. That she so received the goods is not denied. She has contented herself with the bald assertion that she did not order them."

The lower court granted judgment for the plaintiff in that case and the Superior Court affirmed in a per curiam opinion. In the case at bar, defendant's answer, being evasive and nonresponsive, amounted to a series of admissions. After these admissions were read into evidence, there were no issues of fact to submit to the jury; consequently, the dismissal by the court en banc of defendant's motions for new trial and to set aside a directed verdict for plaintiff should not be disturbed.